UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COCHISE B. LEE,<br><br>    Petitioner,<br><br>v.<br><br>C. KOENING,<br><br>    Respondent. | No. CV 18-4774-VAP (AGR)<br><br>OPINION AND ORDER ON SECOND OR SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

On May 30, 2018, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 conviction and sentence in Los Angeles County Superior Court. (Petition at 2.)

I.

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in this district. *Lee v. Lewis*, No. CV 13-7725-VAP (AGR) ("*Lee I*").

On September 8, 2013, in *Lee I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody. Petitioner challenged his conviction for first degree murder and three counts of attempted murder on December 1, 2009 in Los Angeles

County Superior Court, Case Number TA105134. *Lee I*, Dkt. No. 1 at 2. The Petition in *Lee I* raised grounds for relief based on ineffective assistance of counsel, police misconduct, prosecutorial misconduct, and denial of a motion for new trial. Petitioner's reply brief raised additional grounds based on insufficient evidence and admission of gang-related evidence. *Lee I*, Report and Recommendation, Dkt. No. 53 at 11-37.

On March 29, 2017, the District Court issued an Order accepting the report and recommendation of the magistrate judge and denying the petition, and entered Judgment dismissing *Lee I* with prejudice. *Lee I*, Dkt. Nos. 58, 59. On the same date, the District Court denied a Certificate of Appealability. *Lee I*, Dkt. No. 60.

On November 8, 2017, the Ninth Circuit denied a certificate of appealability. *Lee I*, Dkt. No. 66.

On May 30, 2018, Petitioner filed the pending Petition, which raises one ground for relief. Petitioner contends that his due process rights were violated when he was convicted of first degree murder and attempted murder as an aider and abettor under the natural and probable consequences doctrine. (Petition at 5.) The Petition indicates that this ground was raised on direct appeal. (*Id.*) The court notes, however, that the California Court of Appeal stated on direct appeal that Petitioner's "guilt does not depend on the natural and probable consequences doctrine." *People v. Lee*, 2012 Cal. App. Unpub. LEXIS 3190, *12 (Apr. 26, 2012). The court held that there was substantial evidence supporting the verdicts as an aider and abettor under the legal standard applicable when guilt does not depend on the natural and probable consequences doctrine. *Id.* at *11-*13. The sole ground in the pending Petition appears duplicative of the insufficient evidence ground already addressed in *Lee I*.

The Court takes judicial notice of Ninth Circuit public records indicating that Petitioner has not sought, and has not received, authorization from the Ninth Circuit to file a second or successive petition challenging the 2009 conviction.

## II.
## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a successive petition that challenges the same custody imposed by the same judgment of the state court in Case Number TA105134 as in *Lee I*. (Petition at 2.) As noted above, Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file the Petition. This Court therefore, dismisses the Petition as a second or successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 153-56.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction. This dismissal is without prejudice to Petitioner's ability to seek authorization from the Ninth Circuit Court of Appeals on Ninth Circuit Form 12 with the proposed petition. (Ninth Circuit Rule 22-3.)

DATED: August 2, 2018

_____
VIRGINIA A. PHILLIPS
Chief United States District Judge